IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHATURA WAHEEDA HATSHIPSUE )
)
v. ) NO. 3:13-0101
)
LASALLE BANK, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered February 12, 2013 (Docket Entry No. 4), this pro se action was referred to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § § 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are the following motions to dismiss:

1) the motion to dismiss filed by Defendant Weissman, Nowack, Curry & Wilco, P.C. (Docket Entry No. 8); and

2) the motion to dismiss (Docket Entry No. 10) and amended motion to dismiss (Docket Entry No. 15) filed by Defendant U.S. Bank, National Association, as Trustee, as successor in interest to Bank of America, N.A., as Trustee, successor by merger to LaSalle Bank, N.A., as Trustee for RAAC Series 2007-RP4 ("U.S. Bank")

In response to the motions, the Plaintiff has filed a joint response and request for entry of default. See Docket Entry No. 19. Also before the Court is Defendant U.S. Bank's response in opposition to the request for default. See Docket Entry No. 21. For the reasons set out below, the Court recommends that the Defendants' motions be granted and this action be dismissed.

## I. BACKGROUND

The Plaintiff filed this pro se action on February 7, 2013, by making a filing styled as "Affidavit of A Criminal Complaint, False Claim Act, Criminal Conspiracy, Theft by Deception, Fraud, Obstruction of Justice." See Complaint (Docket Entry No. 1), at 1. Although no defendants are specifically listed in the body of the Complaint, four defendants are included in the caption: LaSalle Bank National Association as Trustee for Pooling and Servicing Agreement Dated as of May 1, 2007, Mortgage Asset-Backed Pass-Through Certificates Series 2007-RP4 ("LaSalle Bank"), Weissman, Nowack, Curry, and Wilson, P.C. ("Weissman"), U.S. Bank National Association ("U.S. Bank"), and Joanne Newsome, Deputy Clerk ("Newsome"). See Docket Entry No. 1.

The Complaint is twenty pages long but does not contain clear and concise factual allegations and is rambling and largely incomprehensible. However, it appears that the gravamen of the Complaint has something to do with the Plaintiff's residence. See Complaint, at 4-5. The Plaintiff's legal causes of action are likewise not clearly set out but the Plaintiff states at various points in the Complaint that the action is brought under 42 U.S.C. § 1983 for violations the U.S. Constitution, Codes, and Treaties, the False Claims Act, 18 U.S.C. §§ 3571 and 3623, "18 U.S.C. § 1001 Fraud," "17 U.S.C. Copyright Infringement," "18 U.S.C. § 1964 Violation of a Foreign Nation/State," and "18 U.S.C. § 241 Criminal Trespassing," and the style of the Complaint refers to "False Claim Act, Criminal Conspiracy, Theft by Deception, Fraud, Obstruction of Justice." See Docket Entry No. 1, at 1 and 19. The Plaintiff seeks 30 million dollars in damages and 15 million dollars in punitive damages. Id. at 19.

2

In lieu of answers, Defendants Weissman and U.S. Bank have filed the pending motions to dismiss. Defendant Weissman argues that the Complaint contains no factual allegations directed at it, fails to satisfy basic pleading requirements, and fails to state a claim against it upon which relief can be granted. See Docket Entry No. 8. By its motion and amended motion to dismiss, Defendant U.S. Bank[1] argues that it has not been properly served with process in the action in accordance with Rule 4 of the Federal Rules of Civil Procedure and makes essentially the same arguments as Defendant Weissman regarding the insufficiency of the Complaint. Defendant U.S. Bank also argues that the Plaintiff is actually seeking review of a state court judgment in violation of the Rooker-Felman doctrine. See Docket Entry No. 16.

In response, the Plaintiff filed what is styled as "Response to Defendant(s) Motion to Dismiss, and Request for Entry of Default Pursuant to Federal Rule of Civil Procedure 55(a) Opportunity to Cure." See Docket Entry No. 19. The filing contains no actual response to the arguments for dismissal made by the Defendants. Instead, the Plaintiff argues that the Defendants failed to timely respond to the Complaint and are in default.

Defendant U.S Bank responds in opposition to the Plaintiff's request for default by asserting that it has clearly and timely defended itself against the Complaint by filing the pending motion to dismiss and amended motion to dismiss. See Docket Entry No. 21. On May 15, 2013, the Clerk denied the request for entry of default. See Docket Entry No. 22.

---

[1] In its amended motion to dismiss, Defendant U.S. Bank states that its correct legal name is U.S. Bank, National Association, as Trustee, as successor in interest to Bank of America, N.A., as Trustee, successor by merger to LaSalle Bank, N.A., as Trustee for RAAC Series 2007-RP4, and that it and the defendant identified by the Plaintiff as LaSalle Bank are a single defendant. See Docket Entry No. 16, at 1 n.1. The Plaintiff has not responded to this assertion nor clarified the exact identities of the Defendants. Accordingly, the Court shall view LaSalle Bank and U.S. Bank as a single defendant which the Court shall refer to as U.S. Bank.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12 of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for her entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty, 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not reflect a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff

armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSION

One of the arguments for dismissal raised by Defendant U.S. Bank is lack of service of process. Because this argument implicates the Court's jurisdiction to adjudicate the action, the Court must address the argument as a threshold matter. King v. Taylor, 694 F.3d 650, 655 (6th Cir. 2012).

Rule 4 of the Federal Rules of Civil Procedure mandates that a "summons must be served with a copy of the complaint" and that "[t]he plaintiff is responsible for having the summons and complaint served." Fed.R.Civ.P. 4(c)(1). The "requirement of proper service of process is not some mindless technicality." Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir.1987)). "[D]ue process requires proper service of process in order to obtain in personam jurisdiction." Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir.1976). "Actual knowledge and lack of prejudice cannot take the place of legally sufficient service." LSJ Inv. Co., Inc., v. OLD, Inc., 167 F.3d 320, 324 (6th Cir. 1999); Friedman, supra.

Defendant U.S. Bank contends that it has not been properly served with process in this action because the summons issued to it was sent to a law firm and not to an "officer, a managing or general partner, or any other agent authorized by appointment or by law to receive service of process for it as is required by Rule 4(h) for service of process upon a corporation. See Docket Entry No. 16, at 11-12. Despite the fact that Defendant U.S. Bank specifically raised this issue as a grounds for

5

dismissal of the action, the Plaintiff has not responded to the argument and has not shown that Defendant U.S. Bank was properly served with process.

Rule 4(l)(1) requires that proof of service must be made to the court unless service is waived, and the Plaintiff bears the burden of showing the Defendant has been properly served with process. See Sawyer v. Lexington–Fayette Urban Cnty. Gov't., 18 Fed. Appx. 285, 287, (6th Cir. Aug. 21, 2001); Odyssey Med., Inc. v. Augen Opticos, S.A. de C.V., 2011 WL 4478873, *2 (W.D.Tenn. Sept. 26, 2011); Bateman v. United States, 2011 WL 1328897, *3 (M.D. Tenn. Apr. 5, 2011) (Haynes, J.). Courts have broad discretion to dismiss an action in which there is improper service. See Nafziger v. McDermott Inter. Inc., 467 F.3d 514, 521 (6th Cir. 2006); Byrd v. Stone, 94 F.2d 217, 219 (6th Cir. 1996); Sherer v. Construcciones Aeronauticas, S.A., 987 F.2d 1246, 1247 (6th Cir. 1993). Although the Plaintiff is proceeding pro se, those who proceed without counsel must still comply with the procedural rules that govern civil cases. McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); Frame v. Superior Fireplace, 74 Fed.Appx 601, 603 (6th Cir. Sep. 10, 2003). Given the Plaintiff's complete failure to address the Defendant's argument for dismissal on this ground and to show that the Defendant has been properly served with process, dismissal of Defendant U.S. Bank is warranted pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. See Leisure v. Ohio, 12 Fed.Appx. 320, 321 (6th Cir. June 11, 2011).

Irrespective of the issue of service of process, the action warrants dismissal because it fails to satisfy basic pleading requirements and fails to state a claim for relief against the Defendants. The Complaint does not contain factual allegations specifically directed at the Defendants. Both the Court and the Defendants must guess at what actions each of the Defendants is alleged to have taken which harmed the Plaintiff. Additionally, although the Plaintiff refers to numerous statutes and legal

phrases in the Complaint, the references are made in a conclusory manner and many of the references are to federal criminal provisions that do not provide a civil cause of action. Merely referring to a theory of legal liability that is unsupported by specific factual allegations does not state a claim for relief which survives a motion to dismiss. See Iqbal, 556 U.S. at 678-79. The Complaint does not contain a single comprehensible theory of recovery against any of the Defendants.

Furthermore, there is nothing in the Complaint that shows a basis for federal jurisdiction over the action. The Complaint contains a section called "subject matter jurisdictional statement." See Complaint, at 5-7. However, this statement is largely incomprehensible[2] and does not contain allegations showing that jurisdiction exists under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Although the Complaint refers to federal and other statutes, merely referring to a federal statute does not establish federal jurisdiction "if the dispute does not involve 'a substantial question of federal law.'" Ford v. Hamilton Inv., Inc., 29 F.3d 255, 258 (6th Cir. 1994) (citing Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Based on the Complaint, it does not appear that the Plaintiff has raised any substantial question of federal law.

---

[2] For example, the section begins with this statement:

> Shaykamaxum Atlan Amexem Empire, has Jurisdiction, however, we come in peace, and love to solve this matter under Article VIII Section 9 of the Constitution for the full Autonomy States of Amexem. The federal district court do not have subject matter jurisdiction over the National Chatura Waheeda Hatshipsue, but do have over there citizenry. The violations are pled with particularity infra. Furthermore, Queen, Chatura Waheeda Hatshipsue Of the Shaykamaxum Atlan Amexem Nation, the clear face of this record shows the claim of in harmony with respect to this case references . . . .

See Complaint, at 5-6.

The Complaint simply fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires that the Plaintiff set out a short and plain statement of a claim showing the entitlement to relief. There is no possible way that any Defendant can answer the Complaint and no possible way for the Court to glean from the Complaint any set of factual allegations that support a recognizable claim for relief. Given the deficiency in the Complaint, it warrants dismissal for failure to state a claim. See Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984).[3]

The record in the action does not show that Defendant Joanne Newsome has been served with process, and she has not responded to the Complaint. Nonetheless, it is clear from review of the Complaint that there are no specific factual allegations directed at Defendant Newsome which support a comprehensible claim for relief. Accordingly, the rationale for dismissal of the Complaint applies equally to Defendant Newsome.[4]

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss filed by Defendant Weissman, Nowack, Curry & Wilco, P.C. (Docket Entry No. 8) and the motion

---

[3] Although Defendant U.S. Bank attaches several exhibits to its motion to dismiss and amended motion to dismiss, See Docket Entry Nos. 11-1 and 13, the Court has not considered these exhibits in review of the motions given the overall insufficiency of the Complaint to set out any recognizable causes of action. Further, given the deficiency of the Complaint, the Court declines to address the Defendant's Rooker-Feldman argument for dismissal.

[4] This Report and Recommendation and the fourteen day period for objections to be filed by the Plaintiff satisfy the procedural requirements for a sua sponte grant of dismissal under Rule 12(b)(6) for failure to state a claim. See Morrison v. Tomano, 755 F.2d 515, 516-17 (6th Cir. 1984). See also Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir. 1984).

to dismiss (Docket Entry No. 10) and amended motion to dismiss (Docket Entry No. 15) filed by Defendant U.S. Bank, National Association, as Trustee, as successor in interest to Bank of America, N.A., as Trustee, successor by merger to LaSalle Bank, N.A., as Trustee for RAAC Series 2007-RP4 ("U.S. Bank") be GRANTED, and that this action be DISMISSED WITHOUT PREJUDICE as to all defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge